UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PHILIP J. YODER,<br><br>  Plaintiff,<br><br>  v.<br><br>ANDREW FINN, UNITED STATES,<br>BUREAU OF PRISONS,<br><br>  Defendants. | CAUSE NO. 3:25-CV-945-CCB-SJF |

**OPINION AND ORDER**

Philip J. Yoder, a prisoner without a lawyer, filed a complaint against St. Joseph County Jail Warden Andrew Finn, the United States of America, and the Bureau of Prisons. ECF 1. He seeks both monetary damages and an order prohibiting him from being housed at the St. Joseph County Jail following his sentencing on federal criminal charges.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Yoder alleges that he arrived at the St. Joseph County Jail around August 4, 2025. He is a practicing Messianic Jew, and he asked to be placed on a kosher diet. He was served rice and beans that Warden Finn and other jail staff have allegedly conceded were not kosher.

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987).

The Religious Land Use and Institutionalized Persons Act (RLUIPA) affords even broader protections than the First Amendment. This act prohibits governmental entities from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *see generally Holt v. Hobbs*, 574 U.S. 352 (2015).

Here, Yoder does not claim that his request for a kosher diet was denied. Rather, he claims that it was imperfect because he received rice and beans that were not kosher. He provides few details about the diet he has received at the St. Josph County Jail. He does not indicate when he was served the non-kosher rice and beans. He does not indicate if he was served non-kosher rice and beans on a single occasion or multiple occasions. He does not indicate if he knew the rice and beans were not kosher when

2

they were served. He does not indicate if he consumed them. He says Warden Finn knew the rice and beans were not kosher, but he does not indicate if Warden Finn knew they were being served to Yoder despite his need for a kosher diet. He also does not indicate how Warden Finn responded to his concerns. In short, his allegations are too vague to state a claim.

Furthermore, there is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). [P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Yoder may be able to state a claim for damages against Warden Finn, but it cannot be plausibly inferred from the allegations in Yoder's complaint that Warden Finn was personally involved in knowingly causing him to be served non-kosher rice and beans.

Yoder also alleges that, following his sentencing on federal charges, he should not remain at the St. Joseph County Jail. He cites to 18 U.S.C. § 3621 to support this, but this section does not prevent Yoder from being held temporarily in a county jail following sentencing. It provides the following:

> The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, [after considering several factors.]

18 U.S.C. § 3621(b).

3

Yoder also contends that he should not be incarcerated at all because he has earned sufficient credit to be released. The relief Yoder seeks – an order directing his immediate release – cannot be granted in this case. A prisoner cannot challenge his ongoing detention or conviction in a civil rights action under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement).

Yoder's complaint is short on facts, dates, and specifics about his claims. Based on what it does say, it is not plausible to infer that his rights were violated. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

4

This complaint does not state a claim for which relief can be granted. Because the complaint does not state a claim, Yoder's motion for a preliminary injunction or temporary restraining order must also be denied. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In the absence of a complaint that states a claim, the court cannot find that Yoder has demonstrated a reasonable likelihood of success on the merits. Thus, Yoder's request for a preliminary injunction cannot be granted.

If Yoder believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **DENIES** Philip J. Yoder's Motion for Emergency Injunction or Temporary Restraining Order (ECF 3);

5

6

(2) **GRANTS** Philip J. Yoder until **January 6, 2026**, to file an amended complaint; and

(3) **CAUTIONS** Philip J. Yoder that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on December 4, 2025.

                                                   /s/*Cristal C. Brisco*
                                                   CRISTAL C. BRISCO, JUDGE
                                                   UNITED STATES DISTRICT COURT